UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIGHTPATH MEDICAL SERVICES, LLC F/K/A MIDWEST SURGICAL SERVICES, INC., <br><br>   Plaintiff, <br><br> vs. <br><br> RICK TERRY, <br><br>   Defendant. | Case No. 4:14-cv-01488-JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a), filed December 8, 2014. (ECF No. 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Sightpath Medical Services, LLC ("Sightpath") is a corporation existing under the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota and Chesterfield, Missouri. (ECF No. 1, ¶ 1). Defendant Rick Terry ("Terry") is a resident of Montana and a former employee of Sightpath. (*Id.*, ¶¶ 2, 17).

While employed at Sightpath, Terry signed a Confidentiality, Non-Competition and Equipment Agreement (the "Agreement") with Sightpath. (ECF No. 1, ¶ 22). Pursuant to the Agreement Terry agreed, for a period of one (1) year following the termination of his employment, not to:

> a.   directly or indirectly . . . engage in, enter into or participate in any way in any business or enterprise which competes with any business conducted by the Company

during the course of Employee's employment or contemplated to be conducted by the Company at the time of termination;

b.  directly or indirectly solicit or attempt to solicit, divert or attempt to divert, handle or attempt to handle, service or attempt to service the account or business of any customer which at the time of termination of Employee's employment (or during the one (1) year period prior thereto) was a customer account of the Company or was directly solicited by the Company with a view toward establishing a customer relationship;

c.  directly or indirectly hire away or attempt to hire away or otherwise engage any employee, key advisor, or consultant of the Company; or

d.  directly or indirectly interfere or attempt to interfere in any way with the Company's relationships with any of its suppliers, including without limitation, inducing or attempting to induce any supplier to the Company to change the terms of its dealings with the Company.

(ECF No. 1-4, ¶ 1(a)). Terry further agreed not, at any time, to "divulge, or cause to be divulged, communicate or cause to be communicated, publish or cause to be published, or otherwise disclose or cause to be disclosed….information regarded by the Company to be confidential or of a proprietary nature…." (*Id.*, ¶ 1(b)).

The Agreement contained a forum-selection clause, which provided in relevant part as follows:

This Agreement, and all questions arising in connection therewith shall be governed by and construed in accordance with the laws of the State of Missouri. The parties submit to the jurisdiction of the federal and state courts of the Eastern District of the State of Missouri for the resolution of any disputes rising out of or connected with this agreement.

(ECF No. 1-4, ¶ 7).

Terry resigned from his position with Sightpath in July, 2014. (ECF No. 1, ¶ 26; ECF No. 1-5). According to Sightpath, Terry then began (or was to begin) working with Sightpath customers, and using Sightpath's confidential information, in violation of the Agreement. (ECF No. 1, ¶¶ 29, 30). Sightpath therefore filed suit against Terry in the Eastern District of Missouri

on August 28, 2014, alleging Breach of Contract and Tortious Interference with Contractual and/or Business Relationships. (*Id.*, ¶¶ 32-57).

As stated above, Terry filed the instant Motion to Dismiss or Transfer Venue on December 8, 2014, contending that venue is improper in this district under the provisions of 28 U.S.C. § 1391, the general federal venue statute. (ECF No. 7).

## DISCUSSION

FRCP 12(b)(3) and 28 U.S.C. § 1406(a) authorize dismissal when venue is "wrong" or "improper" in the forum in which suit was brought. *Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 577 (2013). Whether venue is "wrong" or "improper" is generally governed by 28 U.S.C. § 1391, which provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *Atlantic Marine Const. Co.*, 134 S.Ct. at 577. "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* A forum selection clause is outside the scope in determining whether venue is proper. *See Id.* at 578, 577 ("The structure of the federal venue

provisions confirms that they alone define whether venue exists in a given forum," and "those provisions say nothing about a forum-selection clause.").[1]

Upon considering Sightpath's allegations in conjunction with the venue statute, the Court finds venue in the Eastern District of Missouri to be improper. Sightpath does not maintain Terry is a resident of Missouri, nor does it contend that a substantial part of the events or omissions giving rise to its claims occurred in Missouri. Furthermore, this action may be brought in Montana, where Terry both resides and is subject to personal jurisdiction. Under these circumstances, the Court will dismiss this case for improper venue pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Improper Venue (ECF No. 7) is **GRANTED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th Day of January, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] "Extending this reasoning, the Court here finds that the parties cannot alter the statutorily-mandated analysis in § 1391(b)(2) by contract." *Karl W. Schmidt & Associates, Inc. v. Action Environmental Solutions, LLC*, 2014 WL 6617095, at *3 n. 2 (D. Colo. Nov. 21, 2014).